IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MICHAEL S. OWL FEATHER-GORBEY,**
               **Plaintiff,**

**v.**                                                    **Civil Action No. 3:17-CV-134
                                                          (GROH)**

**MEYER, Medical P.A. in SHU,**
**MAJOR McKARDLE, Medical Department,**
**B. FRIEND, Health Services Supervisor,**
**MR. BLUNT, B-2 Unit Counselor,**
**HIXENBOUGH, B-1 Unit Counselor,**
**LANDIN, B House Unit Manager,**
**FRISS, Assistant Warden,**
**KEEYS, Assistant Warden,**
**COAKLY, Warden,**
**FIBBS, Captain,**
**WETSIDE-WETSTONE, SHU Lt.,**
**CAMOCHO, SHU Lt.,**
**CONNER, Regional Director,**
**MICHAEL J. FRAZIER, Associate General Counsel,**
**ISICSON, Regional Director,**
**MS. L. SMITH, Remedy Coordinator – Unit Manager,**
**UNKNOWN NAME, Remedy Clerk,**
**R. BIRD, Trust Fund Employee,**
                              **Defendants.**

## REPORT AND RECOMMENDATION

### I.  Introduction

On October 30, 2017, the *pro se* Plaintiff, initiated this case by filing an action

pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403

U.S. 388 (1971), against 18 individuals, claiming a due process violation, and a violation

of his Eighth and Fourteenth Amendment rights.  ECF No. 1.[1]

---

[1] All ECF references herein are for the instant case, 3:17-CV-134, unless otherwise noted.

This matter is pending before this Court for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

## II.  FACTUAL AND PROCEDURAL HISTORY

### A.    Criminal Conviction in the District of Columbia Superior Court in case number 2008 CF2 001552.

On January 19, 2008, Petitioner was charged in the District of Columbia Superior Court, case number 2008-CF2-001552, with the felony of unlawful possession of a pistol.  The facts were described by the District of Columbia Court of Appeals in Gorbey v. United States, 54 A.3d 668 (D.C. 2012):

> On January 18, 2008, at about 1:00 p.m., a woman approached a United States Capitol Police ("USCP") Officer near the intersection of Delaware and D Streets, N.E., and told the officer that a man with a gun had asked her for directions to the United States Supreme Court. From the USCP command center, an officer watched the video feed from surveillance cameras in the area around the U.S. Capitol and saw images of a man walking with a shotgun. As shown on a recording from those cameras, USCP officers stopped and arrested the man—appellant Michael Gorbey—at the intersection of First and D Streets, N.E. At the time he was stopped, appellant had a shotgun in his hand and a sword on his back. Twenty-seven shotgun shells were stored in the bulletproof vest he was wearing, and he also was in possession of hunting knives and a .45–caliber round, which officers found in the backpack he was carrying. Appellant claimed that he was en route to a meeting with Chief Justice John Roberts of the United States Supreme Court.
>
> Minutes after appellant was stopped, USCP officers found a truck illegally parked nearby and could see in it "heavy gauge wire coming out of [the] radio ... to the glove compartment ... [a]nd then ... coming out of the back of the vehicle," as well as "the stock of a rifle and a homemade bow and arrow." After canine-unit dogs responded to the truck in a manner that suggested that it contained

explosives, officers secured the truck and called for the bomb squad to investigate. Bomb squad officers used a remote-control robot to punch through one of the windows of the truck and a tool to "disrupt" and neutralize any explosive device that might have been inside the passenger compartment. They then conducted a search of the inside of the truck (which was "in some disarray" from the disruptive tool). They found ammunition on the floorboard of the passenger compartment but, during this initial search, they did not find an explosive device. USCP officers found the keys to the truck in appellant's pocket and the certificate of title to the truck in the backpack appellant had been carrying at the time of his arrest.

The USCP officers moved appellant's truck to a secure storage area at 800 North Capitol Street, N.W., and, on February 8, 2008, conducted another search of the passenger compartment, pursuant to a search warrant. After moving the passenger seat forward, officers found an object that one of the officers described as a "home-made bomb." The object (hereafter referred to as the "device") consisted of "a metal can spray painted red" and "a clear bottle filled with what looked like lead pellets," and "everything was duct taped." After the bomb squad used a tool to "disrupt" the device, officers completed a search of the passenger compartment and cab of the truck. They recovered a "large amount" of black powder; firecrackers; lighters; primer or percussion caps; shotgun shells and shotgun cartridges; 550 rounds of long rifle ammunition; 200 rounds of other ammunition of various calibers; a rifle scope; and the (disrupted) components of the device (i.e., the metal can, duct tape, black powder, metal pellets, and glass fragments). Appellant was charged and subsequently convicted, on May 16, 2008, of fourteen separate offenses in connection with the events described above: unlawful possession of a firearm by a convicted felon; two counts of carrying a dangerous weapon outside the home or business (shotgun and sword) ("CDW"); possession of an unregistered firearm ("UF"); eight counts of unlawful possession of ammunition ("UA"); manufacture, transfer, use, possession, or transportation of explosives for an unlawful purpose; and attempted manufacture or possession of a weapon of mass destruction ("WMD").

54 A.3d at 675–76 (notes omitted).  At trial, Petitioner acted as his own attorney.  He

was sentenced to 264 months in prison and five years of supervised release.  Id.

3

Following his conviction, Petitioner "became quite an active litigant."   Id.   In a consolidated appeal, the District of Columbia Court of Appeals found that, "the trial court had erred at sentencing by failing to inquire into [Petitioner's] decision to waive an insanity defense under *Frendak v. United States*, 408 A.2d 364 (D.C. 1979).  The Court remanded the matter for that inquiry and for resentencing based on the merger of certain convictions."

Id. at 101 – 102.  On February 6, 2014, Petitioner's convictions for Counts 2, 5, 6, 9, 10, 11, 12 and 13 were vacated and he was resentenced on Counts 1, 3, 4, 7, 14 and 15. (District of Columbia Superior Court case number 2008-CF2-001552 at https://www.dccourts.gov/superior-court/cases-online).   In addition to five years of supervised release following release from incarceration, Petitioner was sentenced to: 72 months for Count 1; 12 months for Count 3; 12 months for Count 4; 60 months for Count 7; 36 months for Count 14; and 120 months for Count 15.  The sentences for Counts 14 and 15 were to be served concurrently with one another but consecutively to the sentences for Counts 1, 3, 4 and 7.   Id.   The Bureau of Prisons' website lists Petitioner's projected release date as May 3, 2027.  (https://www.bop.gov/inmateloc/).

### B.      Other Litigation in the Federal Courts

A review of Petitioner's files on PACER demonstrates that he has indeed become quite an active litigant, with more than 160 results returned from the following jurisdictions: U.S. Court of Appeals, Second Circuit[2]; U.S. Court of Appeals, Third

---

[2]  Second Circuit filings include: (1) 12-3739, § 2241 appeal from SDNY 1:12-CV-3140; (2) 12-3921, civil rights appeal of SDNY 12-CV-3689; (3) 13-2502, § 2241 appeal of SDNY 12-CV-5662; (4) 14-

Circuit[3]; U.S. Court of Appeals, Fourth Circuit[4]; U.S. Court of Appeals, Seventh Circuit[5];

U.S. Court of Appeals, Tenth Circuit[6]; U.S. Court of Appeals, Eleventh Circuit[7]; U.S.

Court of Appeals, D.C. Circuit[8]; Alabama Northern District Court[9]; Colorado District

---

4697, § 2241 appeal from SDNY 1:12-CV-3141; and (5) 14-4712, § 2241 appeal from SDNY 1:12-CV-4578.

[3]  Third Circuit filings include: (1) 18-1389, application to file second or successive petition; and (2) 18-1414, mandamus from WD Pa. 2:17-CV-1540 and MD Pa. 3:18-CV-20.

[4]  Fourth Circuit filings include: (1) 09-7301, civil rights appeal of EDVA 2:09-CV-173; (2) 09-7348, civil rights appeal of EDVA 2:09-CV-205; (3) 09-7977, civil rights appeal of SDWV 2:09-CV-313; (4) 13-1772, mandamus petition from EDVA 2:12-CV-667; (5) 13-6973, § 2254 appeal from EDVA 2:12-CV-667; (6) 14-6123, § 2254 appeal from EDVA 2:12-CV-667; (7) 14-6611, § 2254 appeal from EDVA 2:12-CV-667; (8) 14-6994, § 2254 appeal from NDWV 3:13-CV-169; (9) 14-2354, § 2241 appeal from NDWV 1:14-CV-178; (10) 16-7458, § 1983 appeal from EDVA 2:16-CV-551; (11) 16-7463, Bivens appeal from EDVA 2:16-CV-577; (12) 16-2253, § 2241 appeal from WDVA 7:16-CV-372; (13) 16-7649, § 2241 appeal from WDVA 7:16-CV-372; (14) 17-1029, mandamus from WDVA 7:16-CV-455, 7:16-CV-522, and 7:16-CV-544; (15) 17-6031, Bivens appeal from WDVA 7:16-CV-522; (16) 17-6034, Bivens appeal from WDVA 7:16-CV-544; (17) 17-6035, Bivens appeal from WDVA 7:16-CV-455; (18) 17-6079, Bivens appeal from WDVA 7:16-CV-581; (19) 17-6244, Bivens appeal from WDVA 7:17-CV-51; (20) 17-174, successive § 2254 petition; (21) 17-6471, Bivens appeal from WDVA 7:16-CV-551; (22) 17-6534, Bivens appeal from WDVA 7:17-CV-91; (23) 17-6605, Bivens appeal from WDVA 7:17-CV-152; (24) 17-6608, § 2254 appeal from EDVA 2:16-CV-627; 17-2126, mandamus from NDWV 5;17-CV-119; 18-6051, § 2254 appeal from WDVA 7:17-CV-218; and (25) 18-6389, § 2254 appeal from EDVA 2:12-CV-667.

[5]  Seventh Circuit filings include: (1) 09-2729, § 2241 appeal from SD Ind. 2:09-CV-96; and (2) 09-2810, § 1983 appeal from SD Ind. 2:09-CV-156.

[6]  Tenth Circuit filings include: (1) 13-6263, mandamus from WD Ok. 5:12-CV-1331; (2) 13-6272, § 2241 appeal from WD Ok. 5:12-CV-1331; (3) 14-6060, § 2241 appeal from WD Ok. 5:12-CV-1331; (4) 14-6151, § 2241 appeal from WD Ok. 5:14-CV-163; (5) 16-3371, civil rights appeal from D Kan. 5:10-CV-3187; and (6) 16-3372, civil rights appeal from D Kan. 5:16-CV-3234.

[7]  Eleventh Circuit filings include: (1) 10-14402, mandamus from MD Fl. 5:10-CV-309; (2) 11-11688, Bivens appeal from MD Fl. 5:11-CV-22; (3) 12-15658, § 2241 appeal from MD Fl. 5:10-CV-278; (4) 15-13188, § 2241 appeal from ND Al. 1:15-CV-644; (5) 15-13527, mandamus from ND Al. 1:15-CV-644; (6) 15-15202, § 2241 appeal from ND Al. 1:15-CV-644; and (7) 16-10764, § 2254 appeal from ND Al. 1:15-CV-1359.

[8]  District of Columbia Circuit filings include: (1) 08-5195, § 1983 appeal from DC 1:08-CV-649; (2) 08-5196, § 1983 appeal from DC 1:08-CV-650; (3) 09-7025, § 1983 appeal from DC 1:09-CV-261; (4) 09-5136, § 1983 appeal from DC 1:09-CV-262; (5) 10-7175, § 1983 appeal from DC 1:10-CV-1751; (6) 13-7178, § 2241 appeal from DC 1:13-CV-1386; (7) 13-7188, mandamus from DC Superior Court case 2008-CF2-1552; (8) 14-5268, § 2241 appeal from DC 1:13-CV-2019; (9) 16-5364, § 2241 appeal from DC 1:13-CV-2019; (10) 16-5372, appeal from DC 1:16-MC-2492; (11) 17-5003, mandamus action; (12) 17-5016, miscellaneous civil appeal from DC 1:16-MC-2489; (13) 17-5029, appeal from DC 1:15-MC-133; (14) 17-3024, successive habeas petition from DC Superior Court case 2008-CF2-1552; and (15) 17-5017, miscellaneous civil appeal from DC 1:17-MC-180.

Court[10]; District of Columbia District Court[11]; Florida Middle District Court[12]; Indiana Southern District Court[13]; Kansas District Court[14]; Kentucky Eastern District Court[15]; Maryland District Court[16]; New York Southern District Court[17]; Oklahoma Western District Court[18]; Pennsylvania Middle District[19]; Pennsylvania Western District[20]; South Carolina District Court[21]; Virginia Eastern District Court[22]; Virginia Western District

---

[9]   Alabama Northern filings include: (1) 1:15-CV-644, § 2241 petition; (2) 1:15-CV-1257, § 2241 petition; (3) 1:15-CV-1359, § 2254 petition; and (4) 1:16-CV-1035, § 1983 civil rights action.

[10]   Colorado filings include: (1) 1:05-MJ-15.

[11]   District of Columbia filings include: (1) 1:08-CV-649, § 1983 civil rights action; (2) 1:08-CV-650, § 1983 civil rights action; (3) 1:09-CV-261, § 1983 civil rights action; (4) 1:09-CV-262, § 1983 civil rights action; (5) 1:10-CV-1751, § 1983 civil rights action; (6) 1:13-CV-1386, § 2241 petition; (7) 1:13-CV-2019, § 2241 petition; (8) 1:14-CV-196, § 2241 petition; (9) 1:15-MC-133, miscellaneous civil action; (10) 1:16-MC-2489, miscellaneous civil action; (11) 1:16-MC-2492, miscellaneous civil action; and (12) 1:17-MC-180, miscellaneous civil action.

[12]   Florida Middle filings include: (1) 5:10-CV-278, § 2241 petition; (2) 5:10-CV-309, Bivens civil rights action; (3) 5:10-CV-308, § 2241 petition; (4) 5:10-CV-660, § 2241 petition; and (5) 5:11-CV-22, Bivens civil rights action.

[13]   Indiana Southern filings include: (1) 2:09-CV-96, § 2241 petition; (2) 2:09-CV-137, § 1983 civil rights action; (3) 2:09-CV-151, § 1983 civil rights action; (4) 2:09-CV-154, § 1983 civil rights action; (5) 2:09-CV-156, § 1983 civil rights action; and (6) 2:09-CV-376, § 2241 petition.

[14]   Kansas filings include: (1) 5:10-CV-3187, civil rights action; and (2) 5:16-CV-3234, civil rights action.

[15]   Kentucky Eastern filings include: (1) 6:13-CV-42, § 2241 petition.

[16]   Maryland filings include: (1) 1:08-CV-332, § 1983 civil rights action; (2) 1:08-CV-333, § 1983 civil rights action; (3) 1:08-CV-334, § 1983 civil rights action; and (4) 1:08-CV-339, § 1983 civil rights action.

[17]   New York Southern filings include: (1) 1:12-CV-3689, § 1983 civil rights action; (2) 1:12-CV-3140, § 2241 petition; (3) 1:12-CV-3141, § 2241 petition; (4) 1:12-CV-4578, § 2241 petition; and (5) 1:12-CV-5662, § 2241 petition.

[18]   Oklahoma Western filings include: (1) 5:12-CV-1331, § 2241 petition; (2) 5:13-CV-53, § 2241 petition; and (3) 5:15-CV-163, § 2241 petition.

[19]   Pennsylvania Middle filings include: (1) 3:18-CV-20, civil rights action.

[20]   Pennsylvania Western filings include: (1) 2:17-CV-1540, Federal Tort Claim.

[21]   South Carolina filings include: (1) 0:16-CV-248, § 2241 petition; and (2) 0:16-CV-3112, § 1983 civil rights action.

Court[23]; West Virginia Northern District Court[24]; West Virginia Northern Bankruptcy Court[25]; West Virginia Southern District Court[26].

Previously, on March 14, 2012, in another <u>Bivens</u> action filed the Northern District of West Virginia, Petitioner was found to have previously filed at least eleven actions which were dismissed as frivolous or for failure to state a claim upon which relief can be granted, including: (1) D. Md. 1:08-CV-332, dismissed for failure to state a claim upon which relief can be granted; (2) D. Md. 1:08-CV-334, dismissed as frivolous and for failure to state a claim upon which relief can be granted; (3) D. Md. 1:08-CV-339, dismissed as frivolous and for failure to state a claim upon which relief can be granted; (4) D. D.C. 1:08-CV-649, dismissed without prejudice for failure to state a claim upon which relief can be granted; (5) D. D.C. 1:08-CV-650, dismissed without prejudice for failure to state a claim upon which relief can be granted; (6) N.D.W.Va. 2:08-CV-121, dismissed for failure to state a claim upon which relief can be granted; (7) D. D.C. 1:09-

---

[22] Virginia Eastern filings include: (1) 2:08-CV-82, § 1983 civil rights action; (2) 2:08-CV-133, § 1983 civil rights action; (3) 2:09-CV-173, § 1983 civil rights action; (4) 2:09-CV-205, § 1983 civil rights action; (5) 2:11-CV-164, § 1983 civil rights action; (6) 2:12-CV-667, § 2254 petition; (7) 2:13-CV-102, § 2254 petition; (8) 2:12-CV-550, § 2241 petition; (9) 2:16-CV-551, § 1983 civil rights action; (10) 2:16-CV-560, § 1983 civil rights action; (11) 2:16-CV-577, <u>Bivens</u> civil rights action; (12) 2:16-CV-627, § 2254 petition; and (13) 2:18-CV-110, § 2254 petition.

[23] Virginia Western filings include: (1) 7:16-CV-372, § 2241 petition; (2) 7:16-CV-449, § 2241 petition; (3) 7:16-CV-455, <u>Bivens</u> civil rights action; (4) 7:16-CV-461, § 2241 petition; (5) 7:16-CV-483, § 2254 petition; (6) 7:16-CV-522, <u>Bivens</u> civil rights action; (7) 7:16-CV-544, <u>Bivens</u> civil rights action; (8) 7:16-CV-551, <u>Bivens</u> civil rights action; (9) 7:16-CV-581, § <u>Bivens</u> civil rights action; (10) 7:16-CV-596, § 2241 petition; (11) 7:17-CV-51, § <u>Bivens</u> civil rights action; (12) 7:17-CV-91, <u>Bivens</u> civil rights action; (13) 7:17-CV-152, <u>Bivens</u> civil rights action; (14) 7:17-CV-192, <u>Bivens</u> civil rights action; (15) 7:18-CV-11, § 2254 petition; and (16) 7:17-CV-218, § 2241 petition.

[24] West Virginia Northern filings include: (1) 2:08-CV-121, <u>Bivens</u> civil rights action; (2) 3:08-CV-77, Federal Tort Claim; (3) 5:11-CV-126, <u>Bivens</u> civil rights action; (4) 3:13-CV-169, § 2254 petition; (5) 1:14-CV-178, § 2241 petition; (6) 3:17-CV-103, <u>Bivens</u> civil rights action; and (7) 5:17-CV-119, civil rights action.

[25] West Virginia Northern Bankruptcy filings include: (1) 1:08-BK-492, bankruptcy petition.

[26] West Virginia Southern filings include: (1) 2:09-CV-313, § 1983 civil rights action.

CV-261, dismissed without prejudice for failure to state a claim upon which relief can be granted; (8) D. D.C. 1:09-CV-262, dismissed with prejudice for failure to state a claim upon which relief can be granted; (9) S.D.W.Va. 2:09-CV-313, dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted; (10) D. D.C. 1:10-CV-175, dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted; and (11) E.D.Va. 2;11-CV-164, dismissed for failure to state a claim upon which relief can be granted.  N.D.W.Va. 5:11-CV-126, ECF No. 26 at 5 – 10.   On June 1, 2012, Judge John Preston Bailey adopted the Report and Recommendation including the finding that at least eleven actions filed in federal court by Plaintiff had been dismissed as frivolous or for failure to state a claim upon which relief can be granted.  N.D.W.Va. 5:11-CV-126, ECF Nos. 26 at 5 – 10, 33 at 4.

### A.    The Instant Complaint in 3:17-CV-134.

Plaintiff's instant <u>Bivens</u> complaint asserts that while he was incarcerated at FCI Hazelton, he was subjected to cruel and unusual punishment by being denied medical treatment for various injuries including: a broken nose, head injuries which cause constant headaches, dizziness and sleepiness, with possible concussion; a flu-like illness and lung infection; a rash on his face and damage to his eyes; weight loss; and loss of stability in his joints.   ECF No. 1 at 12.   Plaintiff submitted a seven-page document that he styled as "Cont[i]nuance to Complaint" [ECF No. 1-1], which asserts various wrongdoing against each named defendant.   Plaintiff also alleges that after placement in the Special Housing Unit, he was denied paper, pens, and claim or grievance forms, and further that staff refused to accept or act upon grievances which

Plaintiff attempted to file.  Id. at 11.  Plaintiff also claims that he was denied mail and access to the law library.  Id. at 11 – 12.

Plaintiff seeks $250,000.00 cash in damages.  Id. at 12.  He also seeks sanctions to be imposed upon the named defendants and that three injunctions be issued: (1) "an injunction directing USP Hazelton to provide SHU inmates" with pens, paper, envelopes and postage; (2) "an injunction directing USP Hazelton staff to afford SHU inmates administrative remedy access and court access"; and (3) "an injunction direction USP Hazelton staff to provide SHU inmates adequate medical treatment."  Id.  The complaint named 18 people as defendants.  ECF No. 1.

On May 14, 2018, Defendants filed their objections to granting of Plaintiff's motion to proceed in forma pauperis and motion to dismiss.  ECF No. 30.  The objection noted Plaintiff's active litigation history, and referred to an earlier case he filed in this district.  In that case he was initially granted leave to proceed in forma pauperis before the Court became aware that he was precluded from such status based on identification as an inmate with "three strikes" under the Prison Litigation Reform Act, and the Court then vacated its order [N.D.W.Va. 5:11-CV-125, ECF No. 25] granting in forma pauperis status.   ECF No. 30 at 5, n.1.

### III. Standard of Review

### A.      Pro Se Litigants

Because Petitioner is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the

Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[27] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v.

---

[27] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Hargett, 174 F.3d 1128, 1133 (10th Cir.1999).  However, "judges are [ ] not required to construct a party's legal arguments for him."  Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

### IV. Analysis

The Prison Litigation Reform Act (PLRA) of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); Blakely v. Wards, 738 F.3d 607, 609 (4th Cir. 2013) ("With the [PLRA] Congress sought to reduce the number of frivolous lawsuits flooding the federal courts.  Congress did so in part by enacting 28 U.S.C. § 1915(g), a "three-strikes" statute providing that if a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed in forma pauperis but rather must pay up-front all filing fees for his subsequent suits."); Green v. Young, 454 F.3d 405, 407 – 08 (4th Cir. 2006) ("[T]he PLRA's three-strikes provision, requires prepayment in full of all filing fees if on at least three prior occasions the prisoner has had an action dismissed 'on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. .

.' "); See also Ashley v. Dilworth, 147 F.3d 715, 716 - 17 (8th Cir. 1998) ("Section 1915(g) denies the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes").  We stress that the Act does not close the courthouse doors to prisoners who frequently file frivolous lawsuits; rather, it merely makes them pay the full ordinary filing fees sooner rather than later.")

Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." Dupree v. Palmer, 284 Fed 3d 1234, 1236 (11th Cir. 2002).

As noted above, the Court's review of PACER, the nationwide database maintained by the federal courts, indicates that more than three of Plaintiff's prior civil cases qualify as strikes under this provision.    Accordingly, Plaintiff may not proceed in forma pauperis in this action.

While the PLRA includes an exception to the § 1915(g) filing restriction if the prisoner is under imminent danger of serious physical injury, that exception does not apply in this case. As previously noted, Plaintiff's complaint concerns events which are alleged to have occurred at USP Hazelton. However, Plaintiff has at least twice been moved since that time, and is now incarcerated at Cumberland FCI in Cumberland, Maryland. Therefore, even if this court were inclined to believe that Defendants posed an imminent danger of serious physical injury to Plaintiff, he is no longer exposed to

those Defendants.  Given these circumstances, the complaint fails to state any facts indicating that Plaintiff is under imminent danger of serious physical injury sufficient to warrant an exception to the PLRA three strikes rule with respect to the claims that are actionable in this Court.

## V. Recommendation

For the foregoing reasons, the Court recommends Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915 (g).  The Court further recommends that Plaintiff be advised that if he wishes to pursue the allegations raised in the instant complaint, he must refile the complaint with payment of the $400 filing fee.

For the foregoing reasons, the Court recommends that the Motion to Dismiss **[ECF No. 30] be GRANTED.**

The Court recommends that Plaintiff's "Motion for Order of Direction or Injunction" [ECF No. 19] and Motion for Clarification [ECF No. 20] be **TERMINATED as moot**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.  28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th

Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:    May 17, 2018

/S/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE