**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**MICHAEL S. OWL FEATHER-GORBY,**

    Plaintiff,

v.                                           **CIVIL ACTION NO.: 3:17-CV-134**
                                                      **(GROH)**

**MEYER, Medical PA in SHU, MAJOR**
**MCKARDLE, Major Medical Department,**
**B. FRIEND, Health Services Supervisor,**
**BLUNT, B-2 United Counselor, HIXENBOUGH,**
**B-1 Unit Counselor, NURSE LANDIN, B**
**House Unit Manager, FRISS, Assistant Warden,**
**KEEYS, Assistant Warden, COAKLY, Warden,**
**FIBBS, Captain, WETSIDE-WELCOME, SHU Lt.,**
**CONNER, Regional Director, MICHAEL J.**
**FRAZIER, Associate General Counsel, ISICSON,**
**Regional Director, MS. L. SMITH, Remedy Coordinator**
**Unit Manager, UNKNOWN NAME, Remedy Clerk, R.**
**BIRD, Trust Fund Employee**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently pending before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. ECF No. 31. Pursuant to this Court's Local Rules and 28 U.S.C. § 1915A, this action was referred to Magistrate Judge Trumble for submission of an R&R. On May 17, 2018, Magistrate Judge Trumble issued his R&R, recommending that this Court dismiss the action without prejudice.

## I. Background

On October 30, 2017, the Plaintiff filed this Bivens action, alleging claims against 18 individuals for violation of his due process, Eighth Amendment, and Fourteenth Amendment rights. ECF No.1. ECF No. 1. Specifically, the Plaintiff avers: (1) that he was subjected to cruel and unusual punishment because he was refused medical treatment for various injuries; (2) that staff refused to act upon his grievances; and (3) that he was denied access to his mail and access to the law library. The Plaintiff seeks damages in the amount of $250,000 and three separate injunctions. Magistrate Judge Trumble recommended that the action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the same. The R&R was sent to the Plaintiff by certified mail, return receipt requested, on May 17, 2018. ECF No. 4. The Plaintiff accepted

service on May 22, 2018. ECF No. 46. The Plaintiff filed objections on June 7, 2018. ECF No. 48. Accordingly, this Court will review the portions of the R&R to which the Plaintiff objects *de novo*.

### III. Discussion

The Plaintiff makes three objections: (1) that he did not receive any motion to dismiss; (2) that Magistrate Judge Trumble harbors "personal or judicial bias" toward him; and (3) that the Court failed to address his imminent danger issues and that he should be permitted to proceed because imminent danger existed when he filed this action. Each objection will be addressed in turn.

First, the Plaintiff argues that this action should not be dismissed because he did not receive notice of the Government's motion to dismiss, styled as Objections to Order on Motion for Leave to Proceed in Forma Pauperis. ECF No. 30. However, the certificate of service provides that it was mailed to the Plaintiff at his mailing address. ECF No. 30 at 7. Moreover, there are no objections that the Plaintiff could have made in response that would change the outcome of this case. Accordingly, this objection is without merit and is **OVERRULED**.

Next, the Plaintiff argues that Magistrate Judge Trumble harbors personal or judicial bias and antagonism toward him because Magistrate Judge Trumble outlined the Plaintiff's underlying conviction and prior civil litigation in the R&R. However, providing the Plaintiff's underlying conviction merely serves as background and it was necessary to emphasize the Plaintiff's prior prisoner litigation to dismiss the case under the PLRA. Neither indicate that Magistrate Judge Trumble harbors any bias toward the Plaintiff. Accordingly, this objection is without merit and is **OVERRULED**.

Finally, the Plaintiff argues that he should be permitted to proceed without prepayment of fees because he was under threat of imminent danger when he initiated this action. However, it is well established that the imminent danger exception focuses on the risk that the conduct complained of threatens continuing or future injury, "not on whether the inmate deserves a remedy for past misconduct." Chase v. O'Malley, 466 Fed. Appx. 185, 186 (4th Cir. 2012). To proceed without prepayment of fees, the inmate must "make specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. (internal citations omitted). Here, as discussed more fully in the R&R, the Plaintiff has been moved at least twice since the alleged events occurred at USP Hazelton. The Plaintiff is now incarcerated at FCI Cumberland in Cumberland, Maryland. Accordingly, the complaint does not allege any facts which would indicate that the Plaintiff is under continuing imminent danger of serious physical injury. Therefore, this objection is without merit and is **OVERRULED**.

### V. Conclusion

Accordingly, upon review and finding no error, the Court **ORDERS** Magistrate Judge Trumble's Report and Recommendation [ECF No. 31] be **ADOPTED** for the reasons more fully stated therein. The Plaintiff's objections [ECF No. 48] are **OVERRULED**. Therefore, the Court hereby **ORDERS** that the Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE.**

The Court further **ORDERS** that the Plaintiff's Motion for Order of Direction or Injunction [ECF No. 19], Motion for Clarification [ECF No. 20], and Motion for Hearing [ECF No. 49] be **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to strike this case from the active docket and transmit a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED:** June 21, 2018

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE